THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALYSSIA GLAGOLA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No.   2:22-cv-1263 |
| | ) | |
| WALTER MACFANN, an individual; TRI- | ) | |
| COUNTY REALTY ASSOCIATES, L.P., a | ) | |
| Pennsylvania Limited Partnership; and | ) | |
| AMW CONSULTING, LLC, | ) | |
| | ) | |
| *Defendants*. | ) | |

## COMPLAINT AND JURY DEMAND

### Introduction

1.      When Alyssia Glagola broke up with her boyfriend, she had little money and nowhere to go. Glagola worried that, without a place to live, she might lose custody of her young son. That's when she met Walter MacFann.

2.      MacFann, a local real estate agent and investor, leased a home to Glagola at 13 Glad Street in Daisytown, Pennsylvania. But unlike most landlords, MacFann did not want rent, he wanted sex.

3.      MacFann used Glagola's vulnerabilities to coerce her into a months-long sexual relationship. Glagola now sues MacFann and others to recover for her injuries.

### Jurisdiction & Venue

4.      The court has subject-matter jurisdiction over Glagola's federal Fair Housing Act and Trafficking Victims Protection Act claims under 28 U.S.C § 1331.

5.      The court has subject-matter jurisdiction over Glagola's state-law claims under 28 U.S.C. § 1367.

1

6.      Venue is proper in this judicial district because the events giving rise to Glagola's

claims occurred here.

**Parties**

7.      Alyssia Glagola is a person living in Coal Center, Pennsylvania.

8.      Walter MacFann is a person living in Daisytown, Pennsylvania.

9.      Tri-County Realty Associates, L.P. is a Pennsylvania limited partnership with an

address in Brownsville, Pennsylvania.

10.     AMW Consulting, LLC is a Pennsylvania limited-liability company with an

address in Brownsville, Pennsylvania.

**Allegations**

11.     Alyssia Glagola (then Alyssia Johnson) broke up with Joseph Glagola and left the

home they had shared with their young son.

12.     She left without much money and without a fulltime, stable job.

13.     On the hunt for a place to live, she was introduced to Walter MacFann.

14.     Glagola explained her circumstances to MacFann.

15.     From the beginning, MacFann knew Glagola was worried about becoming

homeless for fear that she would lose or endanger her son.

16.     From the beginning, MacFann knew Glagola lacked the ability to pay rent.

17.     Despite knowing that Glagola lacked the ability to pay rent, MacFann offered to

show Glagola several properties anyway.

18.     He then allowed Glagola to rent 13 Glad Street in Daisytown for a month for

cleaning the property without paying full rent.

19.     After moving in, Glagola signed a lease identifying Tri-County Realty Associates,

L.P. as her "landlord." AMW Consulting LLC is Tri-County's general partner.

2

20.     When, predictably, Glagola was unable to pay in the following months, MacFann asked for sex instead, explaining that he would pay Glagola's rent in exchange for sex.

21.     Having nowhere else to go and feeling like she had no choice if she wanted to protect and provide for her son, Glagola acquiesced.

22.     MacFann had sex with Glagola.

23.     Having sex with MacFann made Glagola feel awful. To cope, Glagola drank whenever she knew or thought MacFann would demand sex.

24.     MacFann did more than just demand sex from Glagola.

25.     He threatened her with homelessness if she stopped having sex with him.

26.     He got angry with her when he suspected she'd had male visitors or gone on dates. He even texted Glagola a photo of her driveway when someone other than Glagola had a car parked there.

27.     He got physically abusive with Glagola, threatening her with a screwdriver on one occasion and grabbing and pulling her by her clothes on another.

28.     He sent her unwanted sexual messages, including physical comments about her body:









29.    MacFann came over unannounced, including late at night, and let himself into Glagola's home without notice or permission.

30.    At various points, Glagola tried to end the relationship, only to be overcome again and again by her lack of options and MacFann's threats.

31.     MacFann told Glagola that he had everyone "in his pocket," which Glagola took to be a reference to his relationships with local politicians, law enforcement, and the business community. Glagola took this as a threat that, if she came forward, she would not be believed.

32.     Eventually, the stress and her drinking led Glagola to seek professional treatment.

33.     After that, she was able to break off the sexual relationship with MacFann and leave the property.

34.     The ordeal caused Glagola physical, mental, and emotional pain and suffering and related bodily injury.

### Claims for Relief

Count 1 – Fair Housing Act, 42 U.S.C § 3613

Glagola against MacFann, Tri-County, and AMW

35.     The plaintiff realleges all other allegations here.

36.     The defendants have injured the plaintiff by committing discriminatory housing practices in violation of the federal Fair Housing Act.

37.     The plaintiff is therefore entitled to compensatory damages, punitive damages, and attorneys' fees and costs.

38.     The defendants are directly liable or variously liable for all the discriminatory housing practices under 24 C.F.R. § 100.7.

39.     Defendant AMW Consulting LLC is liable as general partner of Tri-County under 15 Pa. C.S. § 8644(a).

Count 2 – Trafficking Victims Protection Act, 18 U.S.C § 1595

Glagola against MacFann, Tri-County, and AMW

40.     The plaintiff realleges all other allegations here.

41.     The Trafficking Victims Protection Act prohibits Forced Labor under § 1589 and Sex Trafficking of Children or By Force, Fraud, or Coercion under § 1591.

42.     The defendants are liable for forced labor and sex trafficking directly or vicariously.

43.     Defendant AMW Consulting LLC is liable as general partner of Tri-County under 15 Pa. C.S. § 8644(a).

44.     The plaintiff is therefore entitled to compensatory damages, punitive damages, and attorneys' fees and costs.

Count 3 – Assault

Glagola against MacFann, Tri-County, AMW

45.     The plaintiff realleges all other allegations here.

46.     Defendant McFann repeatedly put the plaintiff in reasonable apprehension of an unconsented, improper, and offensive touching.

47.     The plaintiff is therefore entitled to damages.

48.     Defendant Tri-County is vicariously liable for Defendant MacFann's actions because MacFann acted as rental agent for the property.

49.     Defendant AMW is liable as Defendant Tri-County's general partner.

Count 4 – Battery

Glagola against MacFann, Tri-County, AMW

50.     The plaintiff realleges all other allegations here.

51.     Defendant McFann repeatedly touched Glagola in an offensive and harmful way without permission, cause, or license.

52.     The plaintiff is therefore entitled to damages.

6

53.     Defendant Tri-County is vicariously liable for Defendant MacFann's actions because MacFann acted as rental agent for the property.

54.     Defendant AMW is liable as Defendant Tri-County's general partner.

Count 5 – Intentional Infliction of Emotional Distress

Glagola against MacFann, Tri-County, AMW

55.     The plaintiff realleges all other allegations here.

56.     Defendant McFann's conduct caused Glagola extreme emotional distress.

57.     Defendant McFann intended his conduct to cause that distress or was substantially certain that it would.

58.     The plaintiff is therefore entitled to damages.

59.     Defendant Tri-County is vicariously liable for Defendant MacFann's actions because MacFann acted as rental agent for the property.

60.     Defendant AMW is liable as Defendant Tri-County's general partner.

Count 6 – False Imprisonment

Glagola against MacFann, Tri-County, AMW

61.     A The plaintiff realleges all other allegations here.

62.     Defendant McFann repeatedly physically or by explicit or explicit threat or intimidation confined Glagola's movement to boundaries decided by him.

63.     The plaintiff is therefore entitled to damages.

64.     Defendant Tri-County is vicariously liable for Defendant MacFann's actions because MacFann acted as rental agent for the property.

65.     Defendant AMW is liable as Defendant Tri-County's general partner.

Count 7 – Trespass

Glagola against MacFann, Tri-County, AMW

7

66.    The plaintiff realleges all other allegations here.

67.    Defendant McFann repeatedly entered the premises leased to Glagola without notice, consent, or cause.

68.    The plaintiff is therefore entitled to damages.

69.    Defendant Tri-County is vicariously liable for Defendant MacFann's actions because MacFann acted as rental agent for the property.

70.    Defendant AMW is liable as Defendant Tri-County's general partner.

<u>Count 8</u> – Breach of the Covenant of Quiet Enjoyment

Glagola against MacFann, Tri-County, AMW

71.    The plaintiff realleges all other allegations here.

72.    Defendant McFann repeatedly interfered substantially with Glagola's quiet enjoyment and use of her leasehold.

73.    The plaintiff is therefore entitled to damages.

74.    Defendant Tri-County is vicariously liable for Defendant MacFann's actions because MacFann acted as rental agent for the property.

75.    Defendant AMW is liable as Defendant Tri-County's general partner.

<u>Count 9</u> – Negligence

Glagola v. Tri-County and AMW

76.    The plaintiff realleges all other allegations here.

77.    Defendant Tri-County, as Glagola's landlord, owed Glagola a duty of reasonable care in the hiring, training, disciplining, and retention of its agents, like Defendant MacFann.

78.    Defendant Tri-County breached that duty, allowing and encouraging Defendant MacFann in his misconduct toward Glagola.

79.    The plaintiff is therefore entitled to damages.

80.     Defendant AMW is liable as Defendant Tri-County's general partner.

**Prayer for Relief**

81.     Glagola prays for a judgment with the following relief:

    a.   Compensatory damages

    b.   Punitive damages

    c.   Pre- and post-judgment interest

    d.   Attorneys' fees

    e.   Costs

    f.   Declaratory relief

    g.   All other relief the court deems just.

Dated: September 1, 2022

                                                    Respectfully submitted,

                                                    /s/ Thomas R. Kayes

                                                  Thomas R. Kayes (Ill. Bar No. 6315461)
THE CIVIL RIGHTS GROUP, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
tom@civilrightsgroup.com
www.civilrightsgroup.com

Attorneys for Plaintiff

**Jury Demand**

Plaintiff Alyssia Glagola demands a jury trial.

Dated: September 1, 2022

Respectfully submitted,

  /s/ Thomas R. Kayes
Thomas R. Kayes (Ill Bar. No. 635461)
THE CIVIL RIGHTS GROUP, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
tom@civilrightsgroup.com
www.civilrightsgroup.com

Attorneys for Plaintiff

**DELETE**

<u>**NOTES**</u>
Chron

Broke up with boyfriend
Found him
Offered to let her move in for clean in
Did it – starting in feb 2020, lived there for nine months, so november
No job, had kid, didn't want to lose custody
Saw her socially
Later, snarky re no rent, said, I'll handle rent in exchange for favors
Started sleeping with him
Became controlling – mad if thought she was seeing other men
Coming late
Coming in while sleeping
Threatened her with homelessness
Didn't want to get kicked out and lose home, so kept having sex with him
Started drinking heavily to cope
Went to in-patient treatment, admitted to different place 7/3, then taken elsewhere 7/4 – 7/7 2020
Started trying to get him to not come by
Got back together with boyfriend/father move out
Called a bunch of lawyers
Called fair housing

When
- told him never had sex sober, always wondered about sex sober?
- When was the video of grabbing push on wall? Back office of athletic club, June 12, 2020 is when she recorded the security cam with her phone, so event on June 11
- When was screwdriver to the neck? Was before the hospital, it was while covid shut down bars, and officers were remodeling; so may ish
- Told you he has everyone in back pocket? Around same time as spoke to neighbor lisa galoway called the lawyer; was standing in kitchen,

Docs
- Need more
- Nude selfies requests? nope

Where do you work
-

11