# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALYSSIA GLAGOLA, <br><br> Plaintiff, <br><br> v. <br><br> WALTER MACFANN, and individual; TRI-COUNTY REALTY ASSOCIATES, L.P., a Pennsylvania Limited Partnership; and AMW CONSULTING, LLC, <br><br> Defendants. | 2:22-cv-1263-NR |

## CASE MANAGEMENT ORDER

The Court held a telephonic initial case management conference on December 4, 2023, and based on the discussion at that conference, issues the following schedule:

### Mandatory Alternative Dispute Resolution

1. The parties are excused from participating in the Court's mandatory early alternative dispute resolution program. ADR shall be discussed at the post-fact discovery status conference.

### Discovery Schedule

2. Initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure will be made by **December 8, 2023**. This includes the production of all documents referenced in each party's disclosures. The parties are reminded to supplement their disclosures with due diligence.

3. Fact discovery shall be completed by **May 31, 2024**. As discussed at the initial case management conference, the Court provided a particularly lengthy discovery period (more than initially requested by the parties) to avoid any requests for extension. The parties therefore shall treat this deadline as the final deadline, and should not expect it to be continued. If any discovery remains outstanding by the

deadline, then the requesting party will have been deemed to have forfeited the right to that discovery, and subsequent case deadlines will not be delayed due to outstanding discovery.

4. The parties shall only serve document requests for information not otherwise covered by Rule 26(a) of the Federal Rules of Civil Procedure. Such requests shall not be boilerplate requests, and the parties' responses shall not contain boilerplate general objections; any objections must be stated with specificity as to a particular request or will otherwise be deemed waived. Further, in response to interrogatories, if the parties refer to documents produced, such references shall include specific Bates numbers.

5. Pursuant to Local Civil Rule 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

    (a) The producing party shall promptly notify all receiving parties of the inadvertent product of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

    (b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

    (c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the

      Court for a resolution, but such motion must be made within the
      30-day period.

6. The parties shall file a joint motion for entry of protective order by **December 11, 2023**.

7. The parties shall meet and confer regarding all discovery disputes. If a dispute is not resolved, then instead of filing a discovery motion, the parties shall contact Chambers. The Court will then either set up a conference or order the parties to e-mail a brief summary of the nature of the dispute, so that the Court can attempt to resolve the dispute without the need for motions practice. If a dispute remains unresolved at that point, the Court will issue a briefing schedule to decide the discovery dispute. In connection with those briefs, each interested party shall submit a carefully crafted proposed order along with its brief, which should include in it the precise relief requested and the amount of any attorneys' fees and costs to be awarded. If appropriate, the Court will decide the dispute by executing one of the party's proposed orders.

## Motions to Amend or Add New Parties

8. Any consented-to amended pleadings or joinder of parties shall be filed no later than **January 19, 2024**. Lacking consent, any motion to amend pleadings or join parties shall be filed no later than **January 19, 2024**.

## Discovery Status Update

9. On or before **April 30, 2024**, the parties shall file a joint status report, updating the Court on the status of discovery, identifying: (i) the discovery completed to date; (ii) the discovery that remains; and (iii) the existence of any discovery disputes.

## Post-Discovery Status Conference

10. Upon the completion of fact discovery, the Court shall hold a telephonic post-discovery status conference on **June 3, 2024, at 10:00 a.m.** The dial-

- 4 -

in information is as follows: 412-547-0144, with an access code of 581577633#.

DATED this 4th day of December, 2023.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

- 4 -